## N. Y. SUPERIOR COURT.

JOHN T. McGOWAN, receiver, &c., agt. HUGH NEWMAN and Wife.

*Referees — when not required to be sworn — Sections 1215 and 1016 Code of Civil Procedure.*

The Code of Civil Procedure requires no oath of office from a referee appointed under and pursuant to article 2 of the first title of the eleventh chapter, section 1215.

Only referees appointed as prescribed by the second title of the tenth chapter need be sworn. .The requirements of section 1016, with respect to the administration of an oath to referees appointed as therein mentioned, does not apply to referees appointed as prescribed by section 1215.

Where the statutory requirement is express that a referee *must* be sworn, the failure to take the oath does not make the judgment a nullity; it is a mere irregularity which may be waived by the parties or cured by subsequent action on the part of the court (*This is adverse to The Exchange Fire Insurance Co.* agt. *Early, ante,* 279).

*Special Term, March,* 1878.

THIS is a motion, on the part of the plaintiff, to compel a purchaser at an auction sale under judgment of foreclosure to accept the referee's deed and complete his purchase.

The purchaser objects on the ground that such deed will not convey a good title for the reason that the referee, to whom, upon application for judgment by default, it was referred to compute the amount due to the plaintiff upon the bond and mortgage set forth in the complaint, failed to take the oath prescribed by section 1016 of the Code of Civil Procedure. It appears by the judgment roll that the cause

·McGowan agt. Newman.

came on to be heard upon the report of the said referee, which was, thereupon, by the order and judgment of the court, in all things ratified and confirmed. All the parties to the suit (none of whom are infants) have stipulated in writing, under date of the day whereon such order of reference was made, to waive the taking of any oath by the said referee, and the court is now requested to direct such stipulation to be filed with the order of reference, as of that date, and to require the purchaser to accept the deed.

*James H. Coleman*, for purchaser. A statute of the state was violated by the referee to compute (*Code, secs.* 1015, 1016; *see opinion of* J. F. DALY *in The Exchange Fire Insurance Co.* agt. *Early*, 54 *How.*, 279). The purchaser will not be forced to take a questionable title, a title upon which he cannot borrow, much less convey. If the judgment is illegal it must be regarded as a thing without life, estopping no one. Until the title is disposed of by a valid sale the rights of existing judgment-creditors to redeem remains. Can this right be cut off? Can the vice which affects the judgment be cured by filing *now* the consent mentioned in section 1016?

*Foster & Thompson*, for plaintiffs, argued that section 1016 of the Code of Civil Procedure, which requires certain referees to be sworn, has no application to mere referees to compute the amount due to plaintiff before entering judgment. The statute (*sec.* 1215) gives the court power to direct a reference for three distinct objects: *First.* To make a computation or assessment. *Second.* To take an account. *Third.* To take proof of a fact. A distinct meaning must be given to each of these separate clauses or else a fundamental law of statutory construction will be violated (*Maxwell on Interpretation of Statutes, p.* 15; *Potter's Dwarris on Statutes, p.* 110). A reference to make a computation or assessment is treated in the Code as something separate and distinct from a refer-

ence to take an account. By express terms the operation of section 1016 is confined to the classes of referees enumerated in the preceding sections. If, by any construction, section 1016 could be construed so as to require referees to compute to be sworn, then the stipulation to waive such oath cures the error in the proceedings. Where the statutory require-ment is express that a referee must be sworn, the failure to take the oath does not make the judgment a nullity; it is a mere irregularity which may be waived by the parties (*How-ard* agt. *Sexton*, 4 *N. Y.*, 159; *Day* agt. *Hammond*, 57 *id.*, 483; *Keator* agt. *Ulster and Delaware Plank-road. Co.*, 7 *How.*, 43). The authorities above cited show that the award, or judgment, is not a nullity but a mere irregularity that may be waived by the parties. The judgment is good, is not a nullity, and can only be set aside in a proper case upon appli-cation of either party. If the irregularity or defect is one which might have been made immaterial *as to the whole world* by prior waiver, it is equally competent for the parties to make it immaterial by subsequent waiver. The court has power to order the waiver to be filed, *nunc pro tunc*, for the purpose of curing the defect (*Code of Civil Procedure, secs.* 721, 722, 723, 724; *The Farmers' Loan and Trust Co.* agt. *Dickinson*, 9 *Abb. Pr.*, 61, 65).

SANFORD, *J.* — Irrespective of the stipulation and waiver tendered on the part of the plaintiff, I am of opinion that the judgment is regular, and that the Code of Civil Procedure requires no oath of office from a referee appointed under and pursuant to article 2 of the first title of the eleventh chapter, section 1215. That article relates solely to the mode of taking, entering and enforcing judgments. Section 1214 provides that in cases where personal service of process has been made within the state, and the defendant has failed to appear or plead, and the case is not one in which the clerk can enter final judgment under the two preceding sections, the plaintiff must apply to the court for judgment. Due proof of such

McGowan agt. Newman.

service and of the default which entitles him to judgment must be made and filed. The court must, therefore, under section 1215, render the judgment to which the plaintiff is entitled; and for the purpose of enabling it so to do may, with or without a jury, make a computation or assessment, or take an account or proof of a fact, or may, in its discretion, direct a reference for either purpose, except that damages for injuries to person or property must be ascertained by writ of inquiry. Where a reference is directed, the court may either direct the report to be returned to it for its further action, or may, in its discretion, except where special provision is otherwise made by law, omit that direction, in which case final judgment may be entered by the clerk. In the case at bar the report was returned to the court for its further action, and was thereupon in all things ratified and confirmed. The computation contained in the report thereby became the act of the court as fully, to all intents and purposes, as if the court had itself made such computation pursuant to the authority conferred upon it; and the judgment thereupon rendered possessed precisely the same validity which it would have had if the amount due to the plaintiff had been computed, fixed and determined without the intervention or assistance of a referee. The eleventh chapter, under which alone — in case of default to appear or plead — references for the purpose of enabling the court to render the judgment or to carry it into effect are authorized and allowed, and which alone contains any mention of a reference to "make a computation or assessment," is wholly silent as to any official oath to be taken by the referees appointed pursuant thereto; nor is any oath elsewhere required of such referee, so far as I have been able to discover.

The provisions of section 1016 of the Code of Civil Procedure relate solely to referees appointed as prescribed in preceding sections of the second title of the tenth chapter, which relate to "trials without a jury." By its terms referees, appointed as prescribed in such sections, are required

to be sworn, but no warrant for extending this requirement to referees appointed as prescribed in section 1215, can be found in, or implied from, the language employed in the enactment itself, or in the reason and policy which may be supposed to have induced its adoption. Indeed the only construction of which the language used would seem to be susceptible, exclude from its operation the class of references prescribed by the eleventh chapter, and confines its application exclusively to such as are authorized by chapter 10.

As already remarked, chapter 10 relates to trials, and its provisions are applicable to cases in which issue is joined. By the very first article of its first title a trial is defined substantially as the judicial examination of an issue (*sec.* 965), and by section 963 the issues treated of in that chapter are those only which are presented by the pleadings. To the existence of an issue, controversy, by the terms of this section, is absolutely essential. The second title of chapter 10 relates to trials without a jury. Sections 1011 to 1015 inclusive, all of which are comprised within that title, authorize references in certain specified cases, viz. :

1. To try issues of fact or law (*secs.* 1011, 1012).

2. To report the referee's finding upon one or more specific questions of fact involved in the issue (*sec.* 1012).

3. To take an account and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so for the information of the court.

4. To determine and report upon a question of fact arising in any stage of the action upon a motion or otherwise, except upon the pleading.

These are all the cases in which the appointment of a referee is prescribed by either of the sections of the second title of chapter 10, which relates to trials without a jury ; and it will be borne in mind that section 1016 requires an oath to be taken by such referees only as are approved pursuant to preceding sections of that title. No section of that

title anywhere provides for the appointment of a referee to make a computation or assessment, or take an account or proof of a fact for the purpose of enabling the court to render judgment or carry it into effect in cases of default to appear or plead. The referees for the purposes are to be appointed as prescribed in the second title of the eleventh chapter, section 1215. The provisions of the two chapters are entirely consistent and harmonious. They involve no redundancy and are in no wise conflicting. Those of chapter 10, which authorize references for the purposes therein specified, relate to cases in which there are issues, controversies, questions to cases, in which testimony must of necessity be taken, and in which, either by way of trial or as an incident thereto, something is to be determined and decided. The references authorized by chapter 11, section 1215, are of a different character. They contemplate no judicial determination or decision of controverted questions; they devolve a duty which may well be performed without the exercise of the deliberative faculties of the mind.

In the class of cases provided for by the tenth chapter, the sense of responsibility imposed by the taking of an oath may well be invoked. Its invocation may well be dispensed with where the cause of action is admitted by the omission to appear and defend, where no issue is to be raised, no controversy determined, no question decided.

Again, the oath required to be taken by a referee, pursuant to the requirement of section 1016, must be taken by him "before proceeding to take testimony." Obviously, this requirement can have no application to the case of a mere mathematical computation in which testimony is not requisite. But, what is the oath to be taken by the referee under section 1016? He must be sworn faithfully and fairly to try the issues or to determine the question referred to him, as the case requires, and to make a just and true report, according to the best of his understanding. Under the provisions of the tenth chapter — as we have already seen — issues are to

be tried and questions determined. But, with what propriety can a referee, appointed as prescribed in section 1215, and to whom it is referred to compute the amount of principal and interest due on a bond, swear that he will either try issues or determine questions referred to him ? A mere mathematical calculation involves neither the trial of an issue nor the determination of a question.

I am of the opinion that only referees appointed as prescribed by the second title of the tenth chapter need be sworn ; and that the requirements of section 1016, with respect to the administration of an oath to referees appointed as therein mentioned, cannot be imported into section 1215 or applied to referees appointed as thereby prescribed, without doing violence both to the letter and the spirit of such requirement.

If, however, a referee appointed to make computation, as prescribed in section 1215, were expressly and in terms required to be sworn before performing any of the functions of his office, I should be of opinion, for the reason stated in the points of counsel for the plaintiff, that his omission to take the oath would be a mere irregularity, not affecting jurisdiction, and that such irregularity might be waived by the parties or cured by subsequent action on the part of the court. A computation by an unsworn referee, if afterward adopted, ratified and confirmed by the court, would become the computation of the court itself, and would comply with all the exigencies of the case and of the law.

The motion must be granted, but without costs. The stipulation waiving the taking of any oath by the referee, though in my judgment unnecessary, may be filed with the order of reference as of its date, *nunc pro tunc*, and the purchaser must thereupon complete his purchase.

NOTE.— The decision in this case is adverse to that of J. F. DALY, J., in *The Exchange Fire Insurance Company* agt. *Early* (*ante*, 279), in so far at least as it holds that where the statutory requirement is express that a referee *must* be sworn, the failure to take the oath does not make the judgment a nullity, but is a mere irregularity which may be waived by

McGowan agt. Newman.

the parties or cured by subsequent action of the court. In *Exchange Fire Insurance Company* agt. *Early* (*ante,* 284) DALY, J., says: "Section 1015 prescribes, among others, for a reference by the court where it is necessary for the information of the court, *and this in terms covers the cases mentioned in* Rule 63." Rule 63 provides for an order of reference in an action to foreclose a mortgage, if the defendant fails to answer, to compute the amount due, &c. * * * Section 1015 provides for a reference "*to take an account.*" Section 1215 also provides for a reference "*to take an account.*" Was it the intention of the legislature that a referee appointed pursuant to section 1015 *to take an account* should be compelled to take the oath prescribed by section 1016, while a referee appointed for the *same purpose* under the provisions of section 1215 need not be sworn? [ED.